**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **MERALOC, LLC** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,** | § § § § § | |
| | § | |
| **Defendants.** | § | |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

COMES NOW, Plaintiff Meraloc, LLC ("Meraloc" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendants Samsung Electronics Co., Ltd. ("Samsung Electronics"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") (collectively, "Defendants") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Meraloc, from U.S. Patent No. 7,451,262 (the "'262 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff Meraloc is a Texas entity with its principal place of business at 101 E Park Blvd, Suite 600, Plano, TX 75074.

3. Samsung Electronics Co., Ltd. ("Samsung Electronics") is a corporation with organized and existing under the laws of South Korea with its principal place of business 250, 2-Ka, Taepying-Ro, Chung-Ku, Seoul, Korea. Upon information and belief, Samsung Electronics conducts business in the United States through its wholly owned subsidiaries, the relevant ones of which are also names defendants in this action.

4. Samsung Electronics America, Inc. ("SEA") is a wholly owned subsidiary of Samsung Electronics and is a New York corporation with its principal place at 105 Challenger Road, Ridgefield Park, New Jersey 07660. SEA can be served with process through its agent CT Corporation System, 111 8th Avenue, New York, New York, 10011.

5. Samsung Telecommunications America, LLC ("STA") is a wholly owned subsidiary of Samsung Electronics and is a Delaware limited liability company with its principal place at 1301 E. Lookout Drive, Richardson, Texas 75082. STA can be served with process through its agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**JURISDICTION AND VENUE**

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

7. This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Meraloc, and the cause of action Meraloc has risen, as alleged herein.

8. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial

business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

9. Defendants have conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including through the use of interactive web pages with promotional material) products or services, or uses or induces others to use services or products in Texas, including this judicial district, that infringe the '262 patent.

10. Specifically, Defendants solicit business from and market their services to consumers within Texas, including the geographic region within the Eastern District of Texas, by selling and offering for sale removable memory storage devices having a display used for managing files stored on the storage devices to said Texas consumers.

11. In addition to Defendants' continuously and systematically conducting business in Texas, the causes of action against Defendants are connected (but not limited) to Defendants' purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendants' making, using, offering for sale, or selling removable memory storage devices having a display used for managing files stored on the storage devices that fall within the scope of at least one claim of the '262 patent.

12. Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## **JOINDER**

13. Defendants are properly joined under 35 U.S.C. § 299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering to sell, and/or selling the same accused products. Specifically, as alleged in detail below, Defendants are alleged to infringe the ‘262 patent with respect to the same products.

14. Defendants are properly joined under 35 U.S.C. § 299(a)(2). Questions of fact will arise that are common to all defendants, including for example, whether Defendants' products have features that meet the features of one or more claims of the ‘262 patent, and what reasonable royalty will be adequate to compensate the owner of the ‘262 patent for their infringement.

15. Defendants use, make, sell, offer to sell and/or import products that, when used, infringe on the ’262 patent.

16. At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering to sell, or selling of the same accused product and/or process.

## FACTUAL ALLEGATIONS

17. On November 11, 2008, the United States Patent and Trademark Office ("USPTO") duly and legally issued the ‘262 patent, entitled "Removable Memory Storage Device Having a Display" after a full and fair examination. (Exhibit A).

18. Meraloc is presently the owner of the patent, having received all right, title and interest in and to the ‘262 patent from the previous assignee of record. Meraloc possesses all

rights of recovery under the ‘262 patent, including the exclusive right to recover for past infringement.

19. The ‘262 patent contains four independent claims and seventeen dependent claims. Defendant commercializes, *inter alia*, devices that include each and every element of at least one claim of the ‘262 patent.

20. The invention claimed in the ‘262 patent comprises a removable memory storage device having a display.

**DEFENDANT’S PRODUCTS**

21. Defendants’ products, such as the “Galaxy Player 5.0” (the “Accused Product”), includes a flash drive that can be removably connected to a computing device for storing files transferred from the computing device. For example, the Accused Product includes flash memory and can be removably connected to a computing device for storing files, such as photos or music, transferred from the computer using the sync feature.

22. The Accused Product includes at least one flash memory chip operable to store files transmitted from the computing device. For example, the Accused Product includes a data storage device of 8GB of storage capacity.

23. The Accused Product includes a display operable to display information related to files stored on the at least one flash memory chip. For example, the Accused Product displays the names of music files stored on the device.

24. The Accused Product includes an input device, such as a touch screen display, operable for providing input for managing files stored on the flash drive. For example, a user can use touch inputs on the Accused Product’s screen to select music files or add them to specific playlists.

25. The elements described in paragraphs 21-24 are covered by at least claims 1 and 5 of the '262 patent. Thus, Defendants' use, manufacture, sale and/or offer for sale of the Accused Product is enabled by the device described in the '262 patent.

**INFRINGEMENT OF THE '262 PATENT**

26. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 25.

27. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly and indirectly infringing the '262 patent.

28. Defendants have had knowledge of infringement of the '262 patent at least as of the service of the present complaint.

29. Defendants have directly infringed and continue to directly infringe at least claims 1 and 5 of the '262 patent by making, using, importing, offering for sale, and/or selling the Accused Product through its website without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendants' direct infringement of the '262 patent, Plaintiff has been and continues to be damaged.

30. Defendants have indirectly infringed and continues to indirectly infringe at least claims 1 and 5 of the '262 patent by actively inducing its respective customers, users, and/or licensees to directly infringe by using, selling, offering to sell and/or importing the Accused Product. Defendants engaged or will have engaged in such inducement having knowledge of the '262 patent. Furthermore, Defendants knew or should have known that their action would induce direct infringement by others and intended that its actions would induce direct infringement by others. For example, Defendants use, sell, offer for sale and advertise the Accused Product in Texas specifically intending that its customers use it. Furthermore, the use of the Accused

Product by Defendants' customers is facilitated by the system described in the '262 patent. As a direct and proximate result of Defendants' indirect infringement by inducement of the '262 patent, Plaintiff has been and continues to be damaged.

31. Defendants have contributorily infringed and continues to contributorily infringe at least claims 1 and 5 of the '262 patent by selling and/or offering to sell the Accused Product, whose infringing features are not a staple article of commerce and when used by a third-party, such as a customer, can only be used in a way that infringes the '262 patent. Defendants have done this with knowledge of the '262 patent and knowledge that the Accused Product constitutes a material part of the invention claimed in the '262 patent. Defendants engaged or will have engaged in such contributory infringement having knowledge of the '262 patent. As a direct and proximate result of Defendants' contributory infringement of the '262 patent, Plaintiff has been and continues to be damaged.

32. By engaging in the conduct described herein, Defendants have injured Meraloc and is thus liable for infringement of the '262 patent, pursuant to 35 U.S.C. § 271.

33. Defendants have committed these acts of infringement without license or authorization.

34. As a result of Defendants' infringement of the '262 patent, Meraloc has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

35. Meraloc will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court. As such, Meraloc is entitled to compensation for any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

36. Meraloc demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Meraloc prays for the following relief:

1. That Defendants be adjudged to have infringed the '262 patent, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

2. That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly and/or indirectly infringing the '262 patent;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Meraloc for the Defendants' past infringement and any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5. That Defendants be directed to pay enhanced damages, including Meraloc's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6. That Meraloc have such other and further relief as this Court may deem just and proper.

Dated: January 29, 2016

Respectfully Submitted,

By: */s/Eugenio J. Torres-Oyola*
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC No. 227811
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF MERALOC, LLC**